UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
—————————————————————————

HAROLD L.,

            Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
—————————————————————————

**DECISION AND ORDER**

20-CV-6360S

1.      Plaintiff Harold L.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits under Title II of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2.      Plaintiff protectively filed his application with the Social Security Administration on August 31, 2016.  Plaintiff alleged disability beginning June 7, 2015, due to status post left shoulder arthroscopic surgery, fracture of the T9-T11 process, status post right thumb trigger release, obesity, degenerative disc disease of the lumbar spine, cervical spondylosis, Grade 1 degenerative spondylolisthesis at C4-5, and history of emphysema.  Plaintiff's application was denied, and he thereafter requested a hearing before an administrative law judge ("ALJ").

3.      On September 4, 2018, and March 21, 2019, ALJ Jennifer Gale Smith held hearings at which Plaintiff—represented by counsel—and Vocational Expert Joseph

—————————————————

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

Atkinson appeared and testified.  (R.[2] at 41, 54-109, 517-34.)  At the time of the hearing, Plaintiff was 47 years old on the onset date, with a high school education.  Plaintiff worked as a garbage collection driver, construction worker, and antenna installer.  (R. at 46.)

4.      The ALJ considered the case *de novo* and, on March 28, 2019, issued a written decision denying Plaintiff's application for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision (concluding that Plaintiff's evidence from the Finger Lakes Bone and Joint Center Newark ("Finger Lakes") findings did not show a reasonable probability that it would change the outcome of the ALJ's decision, R. at 2), he filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 13, 15.)  Plaintiff filed a response on August 16, 2021 (Docket No. 16), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion is granted, and Defendant's Motion is denied.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to

---

[2]Citations to the underlying administrative record are designated as "R."

[3]The ALJ's March 28, 2019, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

"more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing

whether a claimant is disabled.  482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119

(1987).

    9.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is
> currently engaged in substantial gainful activity.  If he is not,
> the [Commissioner] next considers whether the claimant has
> a "severe impairment" which significantly limits his physical or
> mental ability to do basic work activities.  If the claimant
> suffers such an impairment, the third inquiry is whether, based
> solely on medical evidence, the claimant has an impairment
> which is listed in Appendix 1 of the regulations.  If the claimant
> has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age,
> education, and work experience; the [Commissioner]
> presumes that a claimant who is afflicted with a "listed"
> impairment is unable to perform substantial gainful activity.
> Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe
> impairment, he has the residual functional capacity to perform
> his past work.  Finally, if the claimant is unable to perform his
> past work, the [Commissioner] then determines whether there
> is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

    10.    Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra,

482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step

is divided into two parts.  First, the Commissioner must assess the claimant's job

qualifications by considering his physical ability, age, education, and work experience.

Second, the Commissioner must determine whether jobs exist in the national economy

that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 7, 2015.  (R. at 43.)  At step two, the ALJ found that Plaintiff has the following severe impairment:  status post left shoulder arthroscopic surgery, fracture of the T9-T11 process, status post right thumb trigger release, obesity, degenerative disc disease of the lumbar spine, cervical spondylosis, Grade 1 degenerative spondylolisthesis at C4-5, and history of emphysema.  Id. at 43.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

12.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he could sit for four hours in eight-hour workday and thirty minutes at one time, walk for four hours in an eight-hour workday and thirty minutes at one time, and stand for four hours in an eight-hour workday and thirty minutes at one time.  The ALJ also found that Plaintiff can frequently reach, handle, finger, feel, push, and pull; frequently twist his cervical spine; frequently balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs.  The ALJ then found Plaintiff could not be exposed to more than occasional concentrated expose to respiratory irritants, such as dust, odors, fumes, gases, and extreme hot and cold temperatures.  (R. at 44.)

13.    At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  (R. at 46.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 47.)  Since Plaintiff's additional limitations impede performance of all or substantially all the requirements of light work, the ALJ posed hypotheticals to the vocational expert of a claimant with Plaintiff's background and RFC.  The expert thus opined that this hypothetical clamant could work in such positions as office helper, mail clerk, and half the jobs nationally as a cashier II (R. at 47).  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 48.)

14.    Plaintiff argues that the RFC determination is not supported by substantial evidence because the Appeals Council erred in evaluating his new evidence, the ALJ did not appropriately evaluate medical opinions, and (as a result) failed to consider a closed period of disability.  For the reasons that follow, Plaintiff's argument that the Appeals Council erred is adopted and this matter is remanded.

15.    First, Plaintiff argues that the Appeals Council erred in evaluating the new and material evidence from Finger Lakes that undermined the ALJ's findings (Docket No. 13, Pl. Memo. at 1, 12-16, 16-21).  Finger Lakes treated Plaintiff from 2015 to 2018 and found that Plaintiff suffered right foot arthritis and pain, right shoulder rotator cuff tendinitis with impingement, and bilateral carpel tunnel (id. at 12-16, 19-20; R. at 7-29).

16.    The Appeals Council found that the Finger Lakes' evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision (R. at 2).

17.    Additional evidence is reviewable if the claimant established the proffered evidence was new and not cumulative of what was already in the record, was material (that is, relevant to the claimant's condition during the relevant period and probative),

Camarata v. Colvin, No. 6:14-cv-578MAD, 2015 WL 4598811, at *3 (N.D.N.Y. July 29, 2015); Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir. 1991) (Docket No. 13, Pl. Memo. at 17-18; see Docket No. 15, Def. Memo. at 7).  The new material must change the outcome of the decision, 20 C.F.R. § 404.970(a)(5); see Hillman v. Comm'r, No. 18CV339, 2019 WL 4409334, at *2 (W.D.N.Y. Sept. 16, 2019) (Payson, Mag. J.) (Docket No. 15, Def. Memo. at 7).

18.    Plaintiff faults the Appeals Council's conclusion because it was cursory and formulaic that should not be binding (Docket No. 13, Pl. Memo. at 18).  He argues Defendant now makes post hoc rationalization to support this cursory appellate decision (Docket No. 16, Pl. Reply Memo. at 2; but cf. Docket No. 15, Def. Memo. at 7-17), see Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).

19.    Defendant articulates the reasons the Finger Lakes evidence would not change the result (Docket No. 15, Def. Memo. at 7-17), but the Appeals Council has not stated any of these reasons in rejecting the Finger Lakes evidence.  Under Velez v. Berryhill, No. 3:18CV1024(SALM), 2019 WL 2052013, at *7 (D. Conn. May 9, 2019), the Appeals Council's failure to rationalize its rejection of the Finger Lakes evidence is insufficient and remand is appropriate.  The Appeals Council in Velez also concluded that the new medical evidence probably would not change the outcome of the decision without stating more, id.  Plaintiff's Motion for Judgment (Docket No. 13) is granted.

20.    Plaintiff's other objections—weighing medical opinions of record and whether disability is under a closed period--may be reconsidered, with consideration of the Finger Lakes evidence, by the ALJ.

21.    Plaintiff next argues that the ALJ failed to evaluate properly the opinion evidence of record, thus the RFC was not supported by substantial evidence (Docket No. 13, Pl. Memo. at 1, 21-26).

22.    The ALJ gave greater weight to the opinion of Dr. Harbinder Toor of 2018 rather than the doctor's 2016 opinion (Docket No. 13, Pl. Memo. at 21; R. at 45).  In 2016, Dr. Toor diagnosed Plaintiff with a history of motor vehicle accident injury, rotator cuff problem bilaterally, pain in the back, hips, and neck, pain in the hands, emphysema, and hypertension (R. at 467, 45).  He opined that Plaintiff had moderate to marked limitation in standing, walking, bending, lifting, or carrying; moderate limitation in sitting for long periods of time; moderate limitation doing fine motor activity with each hand; and moderate limitation pushing, pulling, reaching, or twisting of the cervical spine (R. at 467, 45).

23.    In October 2018, Dr. Toor reexamined Plaintiff and opined Plaintiff had moderate limitations standing, walking, sitting, bending, lifting, and carrying (R. at 507-13, 45).  The ALJ gave greater weight to this 2018 opinion because it was more consistent with the record and Plaintiff's daily activities (R. at 45).

24.    Plaintiff argues that the ALJ did not discuss the supporting evidence to justify relying on Dr. Toor's later opinion and rejecting his earlier opinion (Docket No. 13, Pl. Memo. at 23).

25.    Related to consideration of Dr. Toor's opinions, Plaintiff also contends the ALJ erred in not finding there was a closed period of disability from November 2016 (Dr. Toor's first examination) until October 2018 and Toor's second examination (Docket No. 13, Pl. Memo. at 1, 26-28).  A closed period is when a claimant is found disabled for

a finite period of at least twelve months which started and stopped prior to the date of the administrative decision granting disability status (Docket No. 13, Pl. Memo. at 26), <u>Robertson v. Berryhill</u>, No. 6:16cv6481, 2017 WL 3574626, at *2 (W.D.N.Y. Aug. 18, 2017) (Telesca, J.).

26.    Plaintiff also asserts the ALJ erred in giving no weight to Dr. M. Gordon Whitbeck's opinion of total disability (Docket No. 13, Pl. Memo. at 21, 23-24; R. at 45). The ALJ gave no weight because the ultimate disability determination is reserved to the Commissioner (R. at 45).

27.    Plaintiff objects to the ALJ's weight given to PA Michael Wittek's August 2018 assessment (R. at 46).   Mr. Wittek opined that with Plaintiff's back impairment he could lift and carry 10 pounds and would need freedom to shift at will between sitting or standing or walking, concluding that Plaintiff could not perform full-time work on a regular basis (R. at 504, 46).  The ALJ gave this opinion little weight because of inconsistency with his medical findings (R. at 46).

28.    With remand for the ALJ to assess the Finger Lakes evidence, the medical opinions cited herein also can be reconsidered.

29.    Thus, Plaintiff's Motion for Judgment (Docket No. 13) is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        January 4, 2022
              Buffalo, New York


                                        s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge